UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS H. L. BARFELL,

              Plaintiff,

v.                                                     Case No. 20-cv-676-pp

DEPUTY HAYES, *et al.*,

              Defendants.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

      On April 30, 2020, the plaintiff filed a complaint under 42 U.S.C. §1983 and a motion to proceed without prepaying the filing fee under 28 U.S.C. §1915. Dkt. Nos. 1, 2. The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. Under the PLRA, a plaintiff may proceed with his case without prepaying the filing fee if he satisfies certain conditions, one of which is paying an initial partial filing fee. To enable the court to calculate the initial partial filing, a plaintiff must submit his prisoner trust account statement for the six-month period preceding the filing of his complaint.

      The same day that the court received the plaintiff's complaint, the clerk's office mailed the plaintiff a letter informing him of the requirement to submit his prisoner trust account statement. Dkt. No. 3. The clerk's office mailed the letter to the Winnebago County Jail, which is where the plaintiff was incarcerated when he prepared his complaint. The letter was returned to the

1

clerk's office about a week later as undeliverable. The envelope was stamped "Inmate Not Here."

According to Winnebago County's Arrest & Jail Information website, Barfell is no longer at the jail. See http://inmates.winnebagosheriff.com/ (search "Barfell"; last visited May 20, 2020). According to the Wisconsin Department of Corrections Offender Search website, the plaintiff is on active community supervision. See https://appsdoc.wi.gov/lop/home.do (search "Thomas Barfell"; last visited May 20, 2020).

The plaintiff is an experienced litigant. He has filed eleven prior cases in this district. He knows that parties must keep the court informed of their current addresses so that the court can communicate with them. Six weeks have passed since the court learned that the plaintiff is no longer incarcerated at the Winnebago County Jail. The court has not received new address information from the plaintiff; it has not heard from the plaintiff since it received his complaint almost forty-five days ago. Because the plaintiff has not notified the court of his whereabouts, the court concludes that the plaintiff no longer wants to pursue this case now that he is no longer incarcerated. The court will dismiss the case without prejudice based on the plaintiff's failure to diligently prosecute it. See Civil L. R. 41(c).

The plaintiff's complaint describes misconduct that allegedly occurred in March and April of this year. The court has not assessed a filing fee, nor has the plaintiff made payments toward the filing fee. Dismissing the case will not

prejudice the plaintiff. If the plaintiff decides he would like to pursue this case, he may refile his complaint, subject to the three-year statute of limitations.

The court **ORDERS** that the case is **DISMISSED without prejudice** based on the plaintiff's failure to diligently pursue it.

Dated in Milwaukee, Wisconsin, this 15th day of June, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**